UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CRIMINAL ACTION NUMBER: 4:12CR-00018-JHM**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**

**KENNETH ELBE**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kenneth Elbe's motion to suppress evidence obtained in an illegal search [DN 24]. For the following reasons, the motion to suppress is **DENIED**.

## I. BACKGROUND

On June 29, 2011, based on an affidavit by FBI Special Agent David McClelland that evidence of child pornography existed on the premises, a search warrant was executed at 301 North 5th Street, Central City, Kentucky. Computers, hard drives, photographs, undeveloped film, CDs and other items were seized from the house.

According to the affidavit in support of the warrant, on November 23, 2010, FBI Special Agent David Fallon logged on to a peer to peer network and downloaded sixteen files of child pornography from a user identified as "jessiecash." After obtaining the IP address of the computer associated with "jessiecash," it was determined to be assigned to a Red Roof Inn, in Sioux Falls, South Dakota. On January 18, 2011 Agent Fallon again observed the user "jessiecash" on a peer to peer network, but no images were downloaded at that time. The IP address at that time was determined to be assigned to a motel in Centerville, Iowa. The guest registries for the hotels were examined and Kenneth Elbe was the only common guest appearing on both registries.

On April 26, 2011, the user "jessiecash" was once again observed online by Agent Fallon. This time the IP address was determined to be assigned to Heather Leaton at 301 North 5th Street, Central City, Kentucky. No images were shared at that time, only text files. One of the text files stated "my preference, girls only! I try to have for all users. Guys - if no girls and all boy pics - then jump off my list." On June 14, 2011, Special Agent McClelland conducted surveillance on 301 North 5th Street, Central City, Kentucky, and observed an individual on the front porch with a laptop that matched the Defendant's drivers license photo. Additionally, the water utility services for 301 North 5th Street were in the Defendant's name.

Based on his experience in investigating child pornography cases, Special Agent McClelland also included in the affidavit, information considered by him to be characteristics common to individuals involved in the receipt, possession and distribution of child pornography. The Defendant has filed a motion to suppress the evidence claiming that the affidavit in support of the warrant lacked probable cause.

## II. DISCUSSION

In determining whether an affidavit establishes probable cause to issue a search warrant, the task of the issuing magistrate or judge is to determine, given all the circumstances set forth in the affidavit before him, whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The search warrant request "must state a nexus between the place to be searched and the evidence sought." United States v. Bethal, 245 Fed. Appx. 460, 464 (6th Cir. 2007) (internal citations omitted). "The belief that the items sought will be found at the location to be searched must be 'supported by less than prima facie proof but more than mere suspicion.'" Id. (quoting United States v. Johnson, 351 F.3d 254, 258 (6th Cir.2003)).

Defendant Elbe argues there is no information in the affidavit that supports a probable cause finding that any evidence of illegal activity could be found at the location in Central City, Kentucky at the time of the search. He states that the only illegal activity revealed by the affidavit occurred at a hotel in Sioux Falls, South Dakota, some seven months prior to the search of the residence in Central City, Kentucky.

The Sixth Circuit has recognized the unique nature of child pornography cases stating that "because the crime is generally carried out in the secrecy of the home and over a long period, the same time limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography." U.S. v. Paull, 551 F.3d 516, 522 (6th Cir. 2009) (finding that probable cause had not expired due to the purchase of a subscription to a child pornography website thirteen months prior to the search). The affidavit supports a finding that the Defendant used a computer and the name "jessiecash" to engage in illegal activity in South Dakota. In April 2011, "jessiecash" was using a computer at an IP address at 301 North 5th Street, Central City, Kentucky. In June 2011, the Defendant was seen on the porch of 301 North 5th Street, Central City, Kentucky with his laptop. There is probable cause to believe that the computer observed may contain evidence of illegal activity since "[i]mages typically persist in some form on a computer hard drive even after the images have been deleted." U.S. v. Terry, 522 F.3d 645, 650 n.2 (6th Cir. 2008). Furthermore, as documented by Special Agent McClelland, viewers of child pornography images are likely to hoard the pornographic photographs, suggesting that images were likely to still be on the Defendant's computer. See U.S. v. Riccardi, 405 F.3d 852, 861 (10th Cir. 2005) ("The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases.")

Lastly, a text from the user "jessiecash" was sent on April 26, 2011, a month before the

search, from the IP address assigned to the location, 301 North 5th Street, Central City, Kentucky. The text suggested the user "jessiecash" was still involved in receiving and distributing child pornography in the peer to peer network. The affidavit stated the nature of peer-to-peer file sharing programs allows Internet users to set up a network where they can trade digital files by linking the computers together.

Based on the foregoing, the Court finds the affidavit stated sufficient probable cause to believe evidence of child pornography would be found on the premise to be searched.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion to suppress [DN 24] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
United States District Court

August 15, 2012

cc: counsel of record